IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR94** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **DIEGO A. LEDEZMA-HERNANDEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the government's objection thereto (Filing No. 236). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant pleaded guilty to a one-count Information charging him with conspiracy to distribute and possess with intent to distribute more than 50 but less than 500 grams of a mixture or substance containing a detectable amount of methamphetamine. The plea agreement provides that the Defendant shall be held responsible for 57 grams of methamphetamine and shall be sentenced to 84 months imprisonment. The PSR reflects a drug quantity of 56.7 grams of methamphetamine mixture and a sentencing guideline range of 60 months. The government objects to ¶ 57 (guideline provisions), arguing that the guideline range in the PSR is outside the parameters of the parties' plea agreement. The objection will be discussed at the sentencing hearing.

IT IS ORDERED:

1. The government's objections to the Presentence Investigation Report (Filing No. 236) will be discussed at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 22nd day of June, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge